IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HEATHER M. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05cv1011-VPM |
| ) | [WO] |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION**

Pending before the court is the plaintiff's ["Lee"] motion for an award of attorney fees pursuant to the Equal Access to Justice Act (Doc. # 22).  28 U.S.C. § 2412 (2000).  Lee, through her counsel, Georgia H. Ludlum, Esq. ["Ludlum"], seeks an award of $3,468.45, which reflects 21.69 attorney hours at a rate of $159.91 per hour (Doc. # 22, ¶ 6).  The defendant ["Commissioner"] responded without an objection *per se* but noted nevertheless that Ludlum's schedule of hours includes an entry for 15 hours billed on one day (Doc. # 26). For the reasons discussed herein, the plaintiff's motion is granted in part and denied in part.

**I. DISCUSSION**

On 27 April 2006, the court entered an order reversing and remanding a final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (2000).  Thus, the plaintiff is the prevailing party, and the court finds that the government's position was not substantially justified.  In addition, the plaintiff's application for fees, which was filed within

thirty days after the deadline for appealing the court's judgment, was timely. All that remains for the court to consider is the amount to award. 28 U.S.C. § 2412(d) (2004).

### A.     *The Appropriate Hourly Rate*

The EAJA establishes a fee cap of $125 per hour, which the court may adjust upward to account for inflation or other "special factor[s]". *Id.* at § 2412(d)(2)(A). To determine the appropriate amount, courts in the Eleventh Circuit must engage in a two-step analysis. **Meyer v. Sullivan**, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the court must determine whether "prevailing market rates for the kind and quality of the services furnished" exceeds the $125 cap. *Id.* If so, the court may determine whether an upward adjustment is necessary.

The court finds that the prevailing market rate for the plaintiff's attorney's services are well above both the statutory ceiling and the amount the plaintiff is actually seeking. Furthermore, the court takes judicial notice of opinions that have approved similar fees in this area. *See*, *e.g.*, **East v. Barnhart**, No. 3:04cv624, 2005 WL 1703102 (M.D. Ala. July 18, 2005) ($151.13); **Thornton v. Barnhart**, No. 03cv683 (M.D. Ala. May 3, 2005) ($191); **Ballard v. Barnhart**, 329 F. Supp. 2d 1278 (N.D. Ala. 2004) ($147.63). Therefore, the hourly fee sought is reasonable.

No special factors have been alleged, but the court finds that the increase in the cost of living since the EAJA was amended in March 1996 to raise the fee cap to $125 merits an inflationary adjustment. In calculating the appropriate adjustment, however, the court must avoid imposing an impermissible interest charge on the United States. *See* ***Library of***

*Congress v. Shaw*, 478 U.S. 310, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986) (discussing the no-interest rule); *Sorenson v. Mink*, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (holding that the EAJA's allowance for an inflationary adjustment was not an express waiver of sovereign immunity from interest charges); *Kerin v. U.S. Postal Svc.*, 218 F.3d 185, 194 (2d Cir. 2000) (same); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 710-714 (D.C. Cir. 1997) (same); *Marcus v. Shalala*, 17 F.3d 1033, 1038-40 (7th Cir. 1994) (same); *Perales v. Casillas*, 950 F.2d 1066 (5th Cir. 1992); *Chiu v. U.S.*, 948 F.2d 711, 719-22 (Fed. Cir. 1991); *see also U.S. v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004).

The requested hourly fee reflects a base rate of $125 per hour with an adjustment based on the Consumer Price Index ["CPI"] for All Urban Consumers in October 2005, when the CPI was 199.2 and when plaintiff's counsel began accounting for her time (Doc. # 23-1, p. 5) . *See* United States Department of Labor, Bureau of Labor Statistics, *Consumer Price Index*, http://www.bls.gov/cpi/home.htm. *Id.* Therefore, granting the hourly fee requested would not result in an impermissible charge of interest against the United States. *East*, 2005 WL 1703102, at *5 (concluding that the inflationary adjustment should be based on the CPI for the month in which counsel began accounting for his or her services in a particular case). Therefore, $159.91 is an appropriate hourly fee.

B.   *Allocation of Attorney Time*

> Fee applicants must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from their fee

>   applications "excessive, redundant, or otherwise unnecessary [hours]," *id.*, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" ***Norman [v. Housing Auth. of Montgomery]***, 836 F.2d [1292,] 1301 (emphasis in original). . . .
>
>   If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary." Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

***Am. Civil Liberties Union of Ga. v. Barnes***, 168 F.3d 423, 428 (11th Cir. 1999) (parallel citations omitted).

In support of the fee petition, Ludlum submitted a schedule of hours detailing the 21.69 hours she claims she spent on all of the tasks associated with this case (Doc. # 24, p. 2). Ludlum's accounting demonstrates a lack of billing judgment.

The court finds that Ludlum's charge of 1.5 hours to prepare and file a one-and-a-half-page complaint in this case is excessive. Complaints and answers in Social Security cases tend to be boilerplate, varying only in the case caption and perhaps a couple of facts that change from plaintiff to plaintiff (Doc. # 1, ¶¶ 3, 4). Therefore the court reduces the time spent drafting and filing the complaint by half to .75 hours.

Similarly, the time allocated for reviewing the court's standard scheduling order (.15 hours), the Commissioner's boilerplate answer (.25 hours), and the court's one-sentence order granting the Commissioner's motion to remand (.25 hours) as well as for filling in the

blanks on the form consent to the jurisdiction of the Magistrate Judge (.1 hours) is also excessive and should be reduced to .05 hours each.

The court has considered the Commissioner's concern regarding the number of hours Ludlum billed in one day; however, billing 15 hours for researching the legal and medical issues accompanying cases of this sort as well as drafting and finalizing the plaintiff's brief in support of her claim does not strike to court as excessive. Moreover, while billing 15 hours in one day may seem odd, it is certainly not unheard of.

Therefore, reduced in accordance with the court's findings, the total number of hours for which the court will award fees at the hourly rate of $159.91 is 20.39 for a total fee award of $3,260.56.

## II.   CONCLUSION

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that the plaintiff's motion for attorney fees (Doc. # 22) be GRANTED in part and DENIED in part. The plaintiff shall be awarded an attorney fee in the amount of $3,260.56.

DONE this 18th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE